PEOPLE, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Violation of a Municipal Ordinance.

No. 1865.—Decided March 30, 1922.

AUTOMOBILES—SPEED—MUNICIPAL ORDINANCE.—A municipal ordinance fixing as a maximum speed limit for automobiles within the urban zone "a velocity not to exceed the natural gait of a person," without reference to traffic conditions or other restrictions, is unreasonable.

The facts are stated in the opinion.

*Mr. S. León Lugo* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Ventura Rodríguez appeals from a judgment of conviction for violation of an ordinance adopted by the municipality of Juana Díaz fixing as a maximum speed limit for automobiles within the urban limits a rate not to exceed "the natural gait of a person." Assuming in favor of the validity of the ordinance, and for the sake of argument only, that by this is meant "the ordinary pace of a pedestrian," to quote from *People* v. *Nochera,* 23 P. R. R. 561, such a regulation might be deemed reasonable if restricted to street crossings or the turning of street corners. In passing, we may add, however, that the question raised and decided in the *Nochera Case* did not involve the reasonableness of the rate as such, but the sufficiency, or insufficiency by reason of uncertainty, of the standard of comparison by which the maximum was to be determined. Here the question is whether a small village traversed by an insular highway, without any reference to street corners or crossings or other qualifications whatsoever, may ordain that no automobile within the urban limits shall travel faster than the average pedestrian would walk.

"In the absence of express or implied prohibition by the Legislature, a municipality may pass ordinances fixing within reasonable limits the speed at which motor vehicles may be operated within its boundaries, and it is within the province of a city council to prescribe different rates of speed for automobiles in different portions of the city according to the width of the streets, their use, and the density of population. * * * An ordinance of a township limiting the speed of automobiles to ten miles an hour has been held not to be unreasonable, and the same is true of an ordinance fixing the maximum speed at seven miles an hour, especially when this speed limit applies only to the built-up portions of the city. The courts have also upheld as reasonable city ordinance limiting the speed of automobiles to six miles an hour on city streets between

crossings and to four miles an hour at crossings." 2 R. C. L., p. 1178, sec. 12.

Given the size of the town, the business and traffic conditions involved, the length of its main street, its comparatively few and little used crossings and the natural gait of the average pedestrian in our latitude, matters of which, in their general aspect, we may take judicial notice, it would seem hardly proper to go further than the text above quoted would suggest as a proper limit.

In the circumstances, the ordinance on its face must be deemed unreasonable, and the conviction thereunder can not stand.

The judgment appealed from must be

*Reversed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.